Van Vookhis, J.
The sole question presented is whether a contract of employment whereby plaintiff was to secure advertising accounts for defendants in return for a percentage commission was within the Statute of Frauds. Plaintiff, a freelance advertising solicitor, testified that in oral negotiations with defendants in 1946 and again in 1949, he was asked to get accounts for them and that he was to receive 25% commission on any account that he brought in for so long as the account was active. Plaintiff testified that in 1950 he brought in the account of the firm in question, and that defendants paid him commissions thereon until May, 1951, but not thereafter, although they continued to handle the account. Plaintiff’s Exhibit 1 (Summary Commission Statement) shows conclusively that he is suing for commissions on orders claimed to have been placed with defendants by this customer after the lapse of one year from the date when the contract to pay commissions to plaintiff is claimed to have been made.
The rule that a service contract of this nature must be in writing has been established in Cohen v. Bartgis Bros. Co. (264 App. Div. 260, affd. 289 N. Y. 846) and Martocci v. Greater N. Y. Brewery (301 N. Y. 57). However, the Appellate Division here felt that the factual pattern placed this case within the orbit of Nat Nal Service Stations v. Wolf (304 N. Y. 332) and reached a result different from the Cohen and Martocci rule.
*550 A service contract of indefinite duration, in which one party agrees to procure customers or accounts or orders on behalf of the second party, is not by its terms performable within a year — and hence must be in writing under the Cohen and Martocci eases — since performance is dependent, not upon the will of the parties to the contract, but upon that of a third party. In Cohen v. Bartgis Bros Co. (supra), an oral contract to employ a salesman and pay him commissions “ upon all orders placed by ” a named customer “ at any time whether or not plaintiff was in defendant’s employ ” when the orders were placed, was deemed unenforcible under the Statute of Frauds., To the argument that a termination of the contract within a year might result if defendant’s business were dissolved or otherwise ended, the Appellate Division’s answer was (264 App. Div. 260, 261): “ ‘ termination is not performance, but rather the .destruction of the contract * * * where there is no provision authorizing either of the parties to terminate as a matter of right.’ (Blake v. Voigt, 134 N. Y. 69.) ”
Similarly, in Martocci v. Greater N. Y. Brewery (supra), this court decided that an oral agreement to pay the plaintiff commissions on sales to prospective customers whom he introduced to defendant was within the statute. In reaching that conclusion, Judge Froessel wrote (pp. 62-63): “ In our opinion, the Statute of Frauds applies to this transaction (Cohen v. Bartgis Bros. Co., 264 App. Div. 260, affd. 289 N. Y. 846). If the terms of the contract here had included an event which might end the contractual relationship of the parties within a year, defendant’s possible liability beyond that time would not bring the contract within the statute. Since, however, the terms of the contract are'such that the relationship will continue beyond a year, it is within the statute, even though the continuing liability to which defendant is subject is merely a contingent one. The endurance of defendant’s liability is the deciding factor.”
The case before us is very similiar to Cohen and Martocci (supra), involving as it does an oral employment contract of indefinite duration to procure business on a commission basis. The lower courts, however, and respondent, take the view that, because of the testimony of defendant Blumberg that the contract was “ at will ”, the case falls within the ambit of Nat Nal Service Stations v. Wolf (supra), which held that the Statute *551 of Frauds was inapplicable in a situation where there was a continuing offer to contract, which could be withdrawn at any time and could never eventuate in a contract unless and until both parties mutually agreed thereafter. Thus, in Nat Nal Service Stations v. Wolf (304 N. Y. 332, supra), the alleged oral agreement was that “ defendants promised and agreed to and with the plaintiff that so long as plaintiff purchased from Socony-Vacuum Oil Company or the Standard Oil Company or cither or both, its requirements for gasoline at its place of business through the defendants and the defendants accepted the same, the defendants would pay to the plaintiff an amount equal to the discount allowed to defendants by said SoconyVacuum Oil Company and Standard Oil Company or either or both of them, on each gallon of gasoline so purchased.” (P. 334.) After declaring the statute inapplicable because, “ if performance be possible within the year, however unlikely or improbable that may be, the agreement does not come under the proscription of the statute ”, we held that the alleged agreement ‘ ‘ was clearly one at will and for no definite or specific time and thus by its terms did not of necessity extend beyond one year from the time of its making. * * * We are confronted with an alleged contract by the terms of which neither party was bound to do anything at any time, and consequently there is nothing in its terms to bring it within the Statute of Frauds.” (Pp. 335, 336-337.) The court distinguished the Cohen and Martocci cases (supra) on the ground that there “ the plaintiff salesmen had executed their parts of the respective contracts. * * * The plaintiffs ’ right to commissions in those two cases was not dependent upon any act of the plaintiffs or the defendants, as here, but was wholly dependent upon the act of the third party, the procured customer.” (P. 339.) The operative difference in Nat Nal Service Stations v. Wolf (supra), the opinion observed, was the fact that (p. 340): “Here, neither party has, nor is it possible for them under the terms of the alleged agreement, to furnish consideration through performance which will bind the other party for a period beyond the offering and acceptance of a particular order. Plaintiff need never perform at all. If plaintiff chooses to perform by placing an order the defendants are not bound to accept it. If defendants perform by acceptance of an order they do not bind themselves as to any future order. It is clear that each order and acceptance is a *552 separate contract and that the parties herein have performed and executed a series of contracts.” (Italics from original.)
The present case is not like Nat Nal Service Stations v. Wolf (supra), where performance depended solely upon the will and desires of the two parties and could rightfully be terminated at any time by either of them. In other words, plaintiff might, or might not place orders with defendant and defendant might or might not accept them. Here, however, the contract was, on plaintiff’s part, to procure accounts and — on defendants’ part — to pay to plaintiff a percentage for so long as business from those accounts was forthcoming.* It was within the contemplation of the parties to the contract that the customer might give orders for years, as actually occurred. Indeed, plaintiff is here suing for commissions based on orders accepted several years after this contract is claimed to have been made. The contract was not, then, one which might be performed within a year, but rather one which could only be terminated within that period by a breach of one or the other party to it. The possibility of such wrongful termination is not, of course, the same as the possibility of performance within the statutory period.
The testimony of defendant Blumberg that the employment was ‘ ‘ at will ’ ’ can hardly mean that, once plaintiff procured an account for defendants, they might immediately terminate plaintiff’s employment, retain the customer and collect their fees.. It can only mean that defendants might cease at any time to employ plaintiff to procure further accounts for them and, similarly, that plaintiff might decide to quit defendants’ employ, but that, as long as they handle the Tifford account, defendants would be obligated to pay commissions to plaintiff.
The judgment appealed from should be reversed and the complaint dismissed, with costs in all courts.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Burke, JJ., concur.
Judgment reversed, etc.

 It is settled that a salesman’s right to commissions cannot be defeated by the arbitrary refusal of his employer to accept orders from the procured customer (see, e.g., Nat Nal Service Stations v. Wolf, 304 N. Y. 332, supra; Hedeman v. Fairbanks, Morse & Co., 286 N. Y. 240, 250; Taylor v. Morgan’s Sons Co., 124 N. Y. 184, 188).