Howard FARMER, Plaintiff,

v.

ARABIAN AMERICAN OIL COMPANY
(a Delaware corporation), Defendant.

United States District Court
S. D. New York.
July 28, 1959.

William V. Homans, New York City, Kalman I. Nulman, New York City, of counsel, for plaintiff.

White & Case, New York City, Chester Bordeau and William Conwell, New York City, of counsel, for defendant.

PALMIERI, District Judge.

Defendant moves for judgment in accordance with its motion during the trial for a directed verdict. Fed.R.Civ.P. 50(b), 28 U.S.C.A. Unhappily, after almost two weeks of testimony and many hours of deliberation, the members of the jury were unable to agree and they were discharged.

The plaintiff, a physician, seeks damages for his alleged wrongful discharge from defendant's employment. His suit is based upon an alleged oral contract of employment pursuant to which plaintiff was to have been employed as an ophthalmologist in defendant's hospital and public health installation in the Kingdom of Saudi Arabia "for the duration of defendant's operation of its oil wells in the Kingdom of Saudi Arabia." [1]

The defendant, in its amended answer, denied the alleged oral contract and alleged that the plaintiff was hired pursuant to a written agreement. This was in the form of a letter of the defendant offering the plaintiff employment, and countersigned by plaintiff so as to indicate his acceptance.[2] Further, the defendant alleged two affirmative defenses: first, that the alleged oral agreement of employment was void because it was not in writing,[3] and second, that the plaintiff's employment was terminated for good cause.

The matter of good cause was much bruited at the trial and was the rock on which the jury deliberations foundered. It was the subject of the first of the framed issues submitted to the jury. The members of the jury were unable to

---

**1.** The amended complaint alleges:

"Third: That on or about the 13th day of April, 1955, plaintiff and defendant entered into an agreement whereby it was mutually agreed that for the duration of defendant's operation of its oil wells in the Kingdom of Saudi Arabia, plaintiff would be employed by defendant as an ophthalmologist in defendant's installation in the Kingdom of Saudi Arabia, and in consideration therefor defendant would pay plaintiff a salary of $16,000., plus $4,000. living allowance, per annum for such period. That in reliance upon such promise and agreement by the defendant, plaintiff entered upon such employment.

"Fourth: Plaintiff has duly performed all the terms and conditions of said agreement on his part to be performed until on or about the 12th day of March 1956, when defendant breached said contract on its party [sic] by discharging plaintiff from his employment and refusing to permit him to continue therewith."

**2.** "Employment in Foreign Service

"Dear Dr. Farmer:
    Austin, Texas

"This will confirm our offer of employment in the Company's Foreign Service to be effective on May 22, 1955.

"Your annual rate of basic earnings will be U.S. $16,000.00.

"Your initial job classification will be Ophthalmologist.

"Benefits as provided in the New York Workmen's Compensation Law shall constitute the Company's entire liability and your exclusive remedy against the Company in the event of your disability or

**3.** See note 3 on page 47.

reach agreement as to whether good cause existed for the plaintiff's discharge.[4]

Upon plaintiff's direct examination at the trial, defendant objected to testimony concerning the alleged oral contract of employment and was granted a continuing objection to such testimony on the basis of (a) the parol evidence rule; (b) the Statute of Frauds; and (c) plaintiff's failure to prove the authority of Dr. Allen, the defendant's representative who allegedly made the oral contract in the course of a long distance telephone conversation with plaintiff. Defendant was also permitted to reserve its right to strike this testimony for the reasons stated. At the close of plaintiff's case defendant was permitted to reserve its motions until all the evidence had been received, when it renewed its objection and moved that the testimony be stricken. Decision was reserved. The defendant also then moved for judgment on grounds (b) [Statute of Frauds] and (c) [lack of authority] as above indicated, and on the further ground that the plaintiff testified that it was his understanding that he was employed for a period of at least five years, and that such an agreement would be void under the Statute of

Frauds. After the discharge of the jury, the defendant moved for judgment pursuant to Fed.R.Civ.P. 50(b) on all the above grounds and on the further ground that the evidence established beyond any question its justification for discharging the plaintiff.

■ I shall not refer again to the question of justifiable discharge. It was a vigorously contested factual issue, appropriately within the province of the jury to decide. As to the motion for judgment on the ground that the contract, as plaintiff understood it,[5] was void under the Statute of Frauds, that ground will not sustain the motion, for plaintiff's "understanding" of his obligation under the contract does not establish that the parties' minds met on that subject. E. g., Lee v. Jenkins Brothers, 2 Cir., 1959, 268 F.2d 357, at 362.

*The New York [6] Parol Evidence Rule*

■ The letter of May 26, 1955, set forth in footnote 2, supra, evidences only a hiring at will. Watson v. Gugino, 1912, 204 N.Y. 535, 98 N.E. 18, 39 L.R.A.,N.S., 1090; Martin v. New York Life Ins. Co., 1895, 148 N.Y. 117, 42 N.E. 416. If plaintiff's testimony that he was orally

---

death whether arising out of or in the course of your employment or resulting from the use of transportation facilities operated by or for the Company.

"Will you please confirm your acceptance of this offer by signing and returning two copies of this letter to us.
"Very truly yours,
Arabian American Oil Company
By /s/ J. H. McDonald
"Accepted:
/s/ Howard Farmer
Employee's Signature
Date: May 26, 1955"

3. New York Personal Property Law, § 31:
"Agreements required to be in writing
"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;

"1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime; * * *."
See discussion infra, 176 F.Supp. 49 et seq.

4. The framed issues submitted to the jury are reproduced as an appendix hereto. No objection thereto was made by the plaintiff, although a general objection was expressed by the defendant.

5. This motion is based on plaintiff's testimony, at the trial, that he understood he was obligated to remain in defendant's employ for a reasonable period of time, perhaps five years. Transcript, pp. 239–240.

6. The New York law on this question is here controlling. Smith v. Bear, 2 Cir., 1956, 237 F.2d 79, 83, 60 A.L.R.2d 1119; Long v. Morris, 3 Cir., 1942, 128 F.2d 653, 141 A.L.R. 1041.

promised employment for so long as defendant was operating its oil wells in Saudi Arabia was inadmissible, there has been a failure of proof and defendant is entitled to judgment on the ground that the evidence established only a hiring at will under which it was free to discharge plaintiff at any time, with or without cause.

The testimony of the plaintiff was that the oral contract was made in the course of a telephone conversation which took place on April 13, 1955, between Dr. T. E. Allen, a member of the defendant's medical staff, and himself. One of Dr. Allen's duties was to interview candidates for positions on the medical staff of defendant's hospital in Saudi Arabia and it was in this connection that he met plaintiff in February 1955. The testimony upon which plaintiff relies is as follows:

"I told him that I did not want to go over there for a very short time, a few months or anything like that, and I would not be interested in going for less than a period of five years and he says, 'Well, we cannot measure this in years due to the circumstances of being expropriated or something of that kind, but you will have that job so long as we operate oil wells, and—in Arabia.' And I said, 'Very well. With that assurance I will accept the position.' And he said, 'You are hired.'" (Transcript, p. 57.)

In substance, there is a writing setting forth an agreement, and a prior alleged oral agreement, both relating to plaintiff's employment by defendant. Since the writing and the alleged oral contract are tied together in time and by their subject matter, the plaintiff cannot avoid or add to the writing by proof of an oral understanding. Probably the most cogent expression of the applicable law was made in the case of St. Regis Paper Co. v. Hubbs & Hastings Paper Co., 1923, 235 N.Y. 30, 138 N.E. 495. The Court there quoted with approval the following statement from a leading authority on evidence (St. Regis Paper Co. v. Hubbs & Hastings Paper Co., supra, 235 N.Y. at page 35, 138 N.E. at page 496):

"'When a legal act is reduced into a single memorial, all other utterances of the parties on the topic are legally immaterial for the purpose of determining what are the terms of their act.' Wigmore on Evidence § 2425."

The Court then went on to say (235 N.Y. at page 36, 138 N.E. at pages 496–497):

"* * * Evidence of a parol brokerage agreement was therefore incompetent to show that the formal writings were not the final repository of the agreement before us.

"'You can no more add to or contradict its legal effect by parol stipulations preceding or accompanying its execution than you can alter it through the same means in any other respect.' Thomas v. Scutt, 127 N.Y. 133, 140, 27 N.E. 961, 963."

In the early case of Eighmie v. Taylor, 1885, 98 N.Y. 288, the Court enunciated the applicable principle of law which remains valid to this day. In commenting upon the importance of sustaining a rigid application of the parol evidence rule, the Court there said (Eighmie v. Taylor, supra, 98 N.Y. at page 294):

"For if we may go outside of the instrument to prove that there was a stipulation not contained in it, and so that only part of the contract was put in writing, and then, because of that fact, enforce the oral stipulation, there will be little of value left in the rule itself."

And further, the Court said (Eighmie v. Taylor, supra, 98 N.Y. at pages 294–295):

"If upon inspection and study of the writing, read, it may be, in the light of the surrounding circumstances in order to its proper under-

standing and interpretation, it appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement, it constitutes the contract between them and is presumed to contain the whole of that contract."

The case of Miller v. Burlington Mills Ribbon Corp., 2d Dep't 1951, 278 App. Div. 854, 104 N.Y.S.2d 484, affirmed without opinion, 1952, 304 N.Y. 600, 107 N.E. 2d 88, provides a persuasive parallel with the facts here. There, as here, the employer sent the employee a letter which the employee accepted. There, as here, the writing specified the position and the yearly compensation, but stated nothing with respect to the precise duration of the employment. There, as here, the employee sued the employer for damages based upon wrongful discharge. There, as here, the plaintiff-employee sought to prove the duration of his employment by oral proof. In its *per curiam* opinion granting judgment on the pleadings in favor of the defendant, the Appellate Division said (278 App.Div. at page 854, 104 N.Y.S.2d at page 485):

"The note or memorandum upon which the respondent relies evidences only a hiring at will * * * and recourse may not be had to parol evidence to establish a different intention of the parties. Drake v. Seaman, 97 N.Y. 230; Matter of Levin's Estate, 276 App.Div. 739, 97 N.Y.S.2d 148; Brodlie v. Fink, 275 App.Div. 1061, 92 N.Y.S.2d 610."

In the Miller case, the plaintiff claimed unsuccessfully both in the Appellate Division and in the Court of Appeals that the phrase "on the basis of $14,000.00 a year" was ambiguous and could be interpreted by oral proof to mean a year's employment,[7] thereby satisfying the Statute of Frauds. The *per curiam* opinion of the Appellate Division just quoted, and the affirmance, without opinion, by the Court of Appeals, clearly rejected the plaintiff's contention. While the Miller case arose in the context of the Statute of Frauds, its holding that the written contract was not ambiguous and that prior oral negotiations could not be proven, is equally applicable here.

It follows, therefore, that under the applicable New York law the plaintiff would not be permitted to introduce proof of his alleged oral contract,[8] that he would be bound by his written agreement, and that pursuant to this agreement his employment was terminable at will. On this ground alone, judgment must be entered for the defendant.

*The New York[9] Statute of Frauds*

The alleged oral contract sued on by the plaintiff is unenforceable under the New York Statute of Frauds, *supra*, note 3. Assuming the plaintiff's testimony with respect to his alleged oral contract, supra, 176 F.Supp. 48, to be admissible and to be true, the only reference to the termination of plaintiff's employment was Dr. Allen's answer to plaintiff's statement that he would not be interested in employment of less than five years'

7. "We submit that the phrase 'on the basis of $14,000.00 a year' is ambiguous and may be interpreted to mean a year's employment. If so interpreted, the Statute of Frauds is satisfied. Parol evidence may be received to aid in the interpretation of an ambiguous phrase in a contract without violating the Statute of Frauds. [Citation omitted.] A trial is needed at which such evidence may be introduced, and therefore it was error to grant judgment on the pleadings." Appellant's Brief on Appeal 6, Miller v. Burlington Mills Ribbon Corp., 1952, 304 N.Y. 600, 107 N.E.2d 88.

8. The decision in Leifer v. Scheinman, 1st Dep't 1917, 179 App.Div. 665, 167 N.Y.S. 105, which is to the contrary, must be deemed to have been overruled by Miller v. Burlington Mills Ribbon Corp., supra, note 7.

9. The New York law on this subject governs here. Macias v. Klein, 3 Cir., 203 F.2d 205, certiorari denied sub nom. Macias v. Oakland Truck Sales, 1953, 346 U.S. 827, 74 S.Ct. 47, 98 L.Ed. 352; Kossick v. United Fruit Co., D.C.S.D.N.Y. 1958, 166 F.Supp. 571.

duration. Dr. Allen said, in substance, that, barring expropriation "or something of that kind," plaintiff would "have that job as long as we operate oil wells * * * in Arabia." The clear purport of this language is that plaintiff's employment would come to an end by the destruction of defendant's business, through expropriation, or discontinuance of defendant's business through dissolution or otherwise.

It is the settled New York rule that an oral contract which is not, by its terms, to be performed within one year, is void under the Statute of Frauds and unenforceable. Thus, contracts measured in duration by the following terms have been held to be void: an oral agreement to pay percentage commissions "on any account that be brought in for so long as the account was active," Zupan v. Blumberg, 1957, 2 N.Y.2d 547, 549, 161 N.Y.S.2d 428, 429, 141 N.E.2d 819; an oral agreement to pay the plaintiff a commission "on all sales made" by the defendant to P. Lorillard & Co. "and paid for by them," Martocci v. Greater New York Brewery, 1950, 301 N.Y. 57, 61, 92 N.E.2d 887, 888; an oral agreement whereby defendant agreed to pay commissions "upon all orders placed by Resolute Paper Products Corp., at any time, whether or not plaintiff was in defendant's employ at the time of the placing of such orders," Cohen v. Bartgis Bros. Co., 1st Dep't 1942, 264 App.Div. 260, 35 N.Y.S.2d 206, 207, affirmed per curiam 1943, 289 N.Y. 846, 47 N.E.2d 443. See also, Droste v. Harry Atlas Sons, Inc., 2 Cir., 145 F.2d 899, rehearing denied 2 Cir., 147 F.2d 675, certiorari denied 1945, 325 U.S. 891, 65 S.Ct. 1408, 89 L.Ed. 2003.

It should be noted, in passing, that these cases are to be distinguished from Nat Nal Service Stations, Inc. v. Wolf, 1952, 304 N.Y. 332, 107 N.E.2d 473, where the New York Court of Appeals passed upon an oral agreement whereby the defendants promised that so long as plaintiff purchased its requirements for gasoline through the defendants, and the defendants accepted such orders, the latter would pay the plaintiff an amount equal to the discount allowed to defendants on each gallon by the source of supply. The Court held that the oral agreement sought to be enforced by the plaintiff did not run afoul of the Statute of Frauds because it could have been terminated, as a matter of right, by either party at any time. Each order and acceptance was there regarded as a separable transaction. See also Comment, 16 Fordham L.Rev. 95 (1947).

In the oral agreement testified to by the plaintiff here, there is no provision giving either party the power to terminate as a matter of right at any time. Assuming defendant's promise to have been, as plaintiff testified, that his employment would last "so long as we operate oil wells * * * in Arabia," it comes within the Statute as defined by the Zupan, Martocci and Cohen cases. Nor can expropriation, dissolution of defendant's business, or defendant's cessation of its business operations, or, possibly, the exhaustion of the wells, be deemed to constitute a termination, by its terms, of the oral agreement. This argument is disposed of by the following language of the Appellate Division in Cohen v. Bartgis Bros. Co., supra, 264 App.Div. at pages 261–262, 35 N.Y.S.2d at page 208, language recently referred to with approval by the Court of Appeals in Zupan v. Blumberg, supra, 2 N.Y.S.2d at page 550, 161 N.Y.S.2d at page 429, 141 N.E.2d 819:

"It is suggested that Resolute Paper Products Corp. or the defendant might retire from business or dissolve within a year, in which event the contract would be impossible of further performance and thus would terminate. But 'termination is not performance, but rather the destruction of the contract * * * where there is no provision authorizing either of the parties to terminate as a matter of right.' Blake v.

Voight, 134 N.Y. 69, 31 N.E. 256. It could be argued with equal force that a contract for personal services for a period exceeding one year is not within the statute because the employee might die within the year. Such, however, is not the rule prevailing in this State. Wahl v. Barnum, 116 N.Y. 87, 22 N.E. 280, 5 L.R.A. 623; Kelley v. Champlain Studios, Inc., 223 App.Div. 388, 228 N.Y.S. 500; Deutsch v. Textile Waste Merchandising Co., 212 App. Div. 681, 209 N.Y.S. 388. We must distinguish between 'performance' which fulfils the contract and circumstances which defeat its purpose. 2 Williston on Contracts, Rev. ed., section 499."

All that has been written in this section depends upon the assumption that the plaintiff's testimony concerning the alleged oral agreement was admissible. The Statute of Frauds, however, in addition to the parol evidence rule, prohibits such testimony. Miller v. Burlington Mills Ribbon Corp., supra.

■ Accordingly, the defendant is also entitled to judgment because the Statute of Frauds prohibits the admission into evidence of the testimony concerning the alleged oral contract and because, even if the testimony were admissible, the alleged oral contract is void under the Statute.

### The Extraordinary Nature of the Alleged Oral Agreement

■ The contract which plaintiff here seeks to enforce is one that would be of indefinite duration and could last a lifetime. Apart from what has been said up to this point, such a contract would be unusual and extraordinary. The defendant proved, without contradiction, that no one in its employ had any comparable contract. The enforceability of such a contract meets with two serious difficulties: one based upon the lack of proof of

the agent's authority (here Dr. Allen) to make such a contract, and the other based upon the general hostility of the courts to lifetime employment contracts.

New York courts have required proof of the agent's authority before permitting the corporation to be bound and none was offered in this case. Indeed, the defendant's proof was that Dr. Allen had no such authority. Camacho v. Hamilton Bank Note & Engraving Co., 1st Dep't 1896, 2 App.Div. 369, 372, 37 N.Y. S. 725, 727; 1 Wigmore, Evidence § 92 (3d Ed. 1940).

Contracts for life employment have been the subject of exhaustive discussion in a recent opinion of the Court of Appeals of the Second Circuit and I need add nothing to what is said there. Lee v. Jenkins Brothers, supra, 268 F.2d at 368.

"It is not surprising that lifetime employment contracts have met with substantial hostility in the courts, for these contracts are often oral, uncorroborated, vague in important details and highly improbable. Accordingly, the courts have erected a veritable array of obstacles to their enforcement. They have been construed as terminable at will, too indefinite to enforce, *ultra vires*, lacking in mutuality or consideration, abandoned or breached by subsequent acts, and the supporting evidence deemed insufficient to go to the jury, as well as made without proper authority."

The New York cases are to be found in footnotes 19, 23, and 31 of the Lee v. Jenkins Brothers opinion. See, also, Maple Island Farm, Inc. v. Bitterling, 8 Cir., 209 F.2d 867, 878, certiorari denied 1954, 348 U.S. 882, 75 S.Ct. 123, 99 L.Ed. 694.

Whether the oral contract in question is regarded as an extraordinary contract

or a lifetime contract, the absence of proof in the trial record of Dr. Allen's authority to bind defendant to such a contract is fatal to plaintiff's position.

The defendant's motion is granted. The Clerk is directed to enter judgment forthwith dismissing the complaint.

So ordered.

### APPENDIX

5/21/59

"Re: Howard Farmer v. Arabian American Oil Company - Civil 111–103

"Special Verdict

"1. Was plaintiff's employment terminated by defendant on February 5, 1956 for good cause?

$\overline{\text{YES}}$    $\overline{\text{NO}}$

"[If you answer this question in the affirmative, you should return a verdict for the defendant and you should proceed no further.]

"[If you answer this question in the negative, answer question 2.]

"2. Was plaintiff hired:

"(a) For so long as defendant operated its oil wells in Saudi Arabia?

$\overline{\text{YES}}$    $\overline{\text{NO}}$

"(b) For so long as defendant operated its oil wells in Saudi Arabia but terminable by plaintiff only for any reason after the expiration of five years?

$\overline{\text{YES}}$    $\overline{\text{NO}}$

"(c) For so long as both parties were satisfied and subject to termination at will by either plaintiff or defendant?

$\overline{\text{YES}}$    $\overline{\text{NO}}$

"[If you answer part (a) or part (b) of this question in the affirmative, answer question 3. If you answer part (c) in the affirmative, do not answer any further questions and return a verdict for the defendant.]

"3. What is the amount of plaintiff's damages from March 12, 1956 to the date of trial?    $ \underline{\hspace{2cm}}

"[It is agreed that plaintiff's payroll termination date was March 12, 1956.]"

NOTE: Upon the trial plaintiff waived any damages beyond the date of trial.