Marcella Menge, Plaintiff-Appellant, v. Liberty National Bank, as Trustee, Under Trust No. 9211, Samuel L. Stiefel and J. Leonard Golding, Defendants-Appellees.

Gen. No. 48,490.

First District, Third Division.

March 28, 1962.

Gomberg, Missner & Lacob, of Chicago (Sidney D. Missner, of counsel), for appellant.

Francis T. Delaney, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a summary judgment dismissing a suit brought by plaintiff as a tenant of defendants for personal injuries sustained by reason of alleged defects in a stairway provided by defendants for the use of tenants in an apartment building. The lease under which plaintiff held contained an exculpatory clause releasing lessors and their agents from liability for such damages. The lease was not signed by defendants Samuel L. Stiefel and J. Leonard Golding, but was signed by their wives, who jointly with them held the beneficial interest in the property, title to which was in the Liberty National Bank.

Plaintiff's original complaint named only the trustee as defendant. All of the beneficiaries as well as the trustee were named as defendants in an amended complaint. The motion for summary judgment was supported by affidavit, and plaintiff filed a counter-affidavit. The court dismissed the Liberty National Bank as defendant and allowed plaintiff to file a second amended complaint, to which defendants filed an answer. Although the Bank had been dismissed, this suit again named the Bank as trustee as defendant, as well as the husbands. The wives, however, were not made defendants, plaintiff evidently having concluded that in that way the effect of the exculpatory clause could be avoided. Defendants' answer denied the allegations of negligence and set out the exculpatory clause as an affirmative defense. Plaintiff's re-

62

ply and her second counter-affidavit to the motion for summary judgment stated that defendants did not sign the lease.

 Summary judgment is proper where there is no genuine issue of fact. The only issue of fact presented by the pleadings is whether or not the accident took place on the stairway in the building, as alleged by plaintiff and denied by defendants. This is not material. The exculpatory clause waives damages for injuries occurring on a common stairway as well as in the premises specifically demised to plaintiff. Reasonably similar provisions have been treated as applicable to such injuries in cases which have held such provisions valid and enforceable. Jackson v. First Nat. Bank of Lake Forest, 415 Ill 453, 114 NE2d 721; Simmons v. Columbus Venetian Stevens Bldgs., Inc., 20 Ill App2d 1, 155 NE2d 372; cf. O'Callaghan v. Waller & Beckwith Realty Co., 15 Ill2d 436, 155 NE2d 545.

In Moss v. Hunding, 27 Ill App2d 189, 169 NE2d 396, also cited by plaintiff in support of her contention, the tenant was injured while he was a guest in another tenant's apartment. This court treated him as an invitee of the other tenant and consequently, an implied invitee of the lessor and held the exculpatory provision inapplicable to such causes of action as did not arise out of the lessor-lessee relationship.

 In the instant case the injury arises out of this relationship and is covered by the provisions of the lease. Such exculpatory provisions were valid at the time plaintiff was injured. O'Callaghan v. Waller & Beckwith Realty Co., supra. The statute since passed rendering such provisions unenforceable (Ill Rev Stats, c 80, § 15a (1959)) operates prospectively only and does not apply therefore to the lease here involved. Booth v. Cebula, 25 Ill App2d 411, 166 NE 2d 618. The question remaining is whether defend-

63

ants, not parties to the lease, can take advantage of the exculpatory provisions therein contained.

■ In Valentin v. D. G. Swanson & Co., 25 Ill App 2d 285, 167 NE2d 14, cited by plaintiff, the plaintiff was the wife of the lessee and the injury occurred on a common stairway. The court held that the exculpatory provision was inapplicable to the wife because she was there not as one "claiming through" the lessee as the lease provided, but rather as an invitee of the landlord. In the instant case, plaintiff seeks to recover from defendants as their tenant under a lease signed by their wives, and alleges that she was rightfully on the premises and using the stairways which defendants provided.

The only basis appearing in the record by which plaintiff could have been defendants' tenant is through the lease. It is on this basis that she was lawfully on the premises. She seeks to hold defendants through the lease, but argues that part of the lease, the exculpatory clause, should not apply to them. This she cannot do. Booth v. Cebula, supra. Plaintiff seeks to distinguish that case on the ground that there, both the signing and nonsigning joint tenant-owners were joined as defendants. She implies that the decision would have been different if the nonsigning joint tenant-owner only had been sued, as in the instant case. Such distinction is not borne out by the court's opinion. While the court noted that the suit was brought against both as landlords, it did so not to imply the distinction plaintiff urges, but to indicate that the nonsigner, as well as the signer, was sued as a landlord, rather than on some other legal theory.

While plaintiff in her affidavit makes reference to wilful and wanton misconduct, no facts are shown upon which any such charge could be predicated and there is no wilful and wanton count in her second amended complaint.

We see no genuine issue of fact in this case, and the judgment will be affirmed.

Affirmed.

McCORMICK, P. J. and DEMPSEY, J., concur.