**BAUM ASSOCIATES, INC., a corporation, Appellee,**

**v.**

**SOCIETY BRAND HAT COMPANY, a corporation, Appellant.**

**BAUM ASSOCIATES, INC., a corporation, Appellant,**

**v.**

**SOCIETY BRAND HAT COMPANY, a corporation, Appellee.**

**Nos. 72-1253, 72-1256.**

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1973.

Decided April 19, 1973.

Rehearing Denied May 11, 1973.

256

Richard S. Marx, Clayton, Mo., for Society Brand Hat Co.

Charles Alan Seigel, St. Louis, Mo., for Baum Associates.

Before VAN OOSTERHOUT, Senior Circuit Judge, and MEHAFFY and HEANEY, Circuit Judges.

MEHAFFY, Circuit Judge.

This is a diversity action by a New York corporation, Baum Associates,

Inc.,[1] against a Missouri clothing manufacturer, Society Brand Hat Company,[2] to recover commissions allegedly due plaintiff for the procurement of customers for defendant. In the district court defendant Society Brand argued that plaintiff's claims for commissions (1) were barred by the statute of limitations; (2) were barred by the statute of frauds; and (3) were excessive because they included commissions on an account not actually procured by the plaintiff. The trial court, with The Honorable H. Kenneth Wangelin presiding, heard the matter without a jury and rendered judgment in favor of plaintiff for most of the commissions sought in the complaint. Baum Associates, Inc. v. Society Brand Hat Co., 340 F.Supp. 1158 (E.D. Mo.1972). Defendant has appealed from the judgment in favor of plaintiff, and plaintiff has cross-appealed for recovery of that portion of the commissions not allowed by the district court. For the reasons stated below we affirm the judgment of the district court.

The background facts of this case have already been reported in some detail in the district court's opinion. We will therefore limit our discussion of the facts to a summary of the elements necessary to our decision.

The issues presented in this appeal arise out of three separate contracts between plaintiff and defendant. The first contract is a formal written agreement in which plaintiff agreed to solicit McGregor-Doniger, Inc. as a customer for defendant and defendant agreed to pay plaintiff a 60¢ commission for each dozen pair of trousers thereafter delivered by defendant to McGregor.[3] The second contract is similar to the first except that: (1) it involved the solicitation of Campus Sportswear, Inc.; (2) the commission agreed upon was 30¢ per dozen; and (3) the agreement was not reduced to writing in a single formal document. The third contract is also similar to the first except that: (1) the contract dealt with the solicitation of Comus, Inc.; (2) the commission was 25¢ per dozen; and (3) the contract was not reduced to a single written instrument.

The findings of fact of the district court reflect that each of the three customers was solicited and procured by plaintiff for defendant. The trial court also found that defendant manufactured trousers for each of the customers and paid plaintiff commissions on the production until August 1963. On August 13, 1963, however, defendant wrote plaintiff a letter purporting to terminate all of their contracts. No further commissions were paid by defendant to plaintiff after this letter of termination. Plaintiff refused to accept defendant's attempted termination and on April 2, 1970 filed this action.

The first problem presented in this appeal is the selection and application of the appropriate statute of limitations. The parties agree that Missouri law is controlling but they disagree over

1. Baum Associates, Inc. is the successor in interest to the original contracting party Baum Mfg. Company. Defendant has challenged the status of Baum Associates as not being the real party in interest. We find this issue frivolous and dismiss defendant's argument in this regard on the basis of the district court's opinion.

2. Society Brand Hat Company is the successor in interest to the original contracting party Apparelcraft, Inc.

3. "AGREEMENT
"Apparelcraft, Inc. agrees to employ Baum Manufacturing Corp. to procure contracts for the manufacture of trousers from McGregor-Doniger, Inc. and its affiliates and/or Brook Mfg. Company of Old Forge, Pa.
"Apparelcraft, Inc. agrees to pay Baum Manufacturing Corp. five (5¢) per pair of trousers on all contracts, orders or reorders procured by either Baum Manufacturing Corp. or Apparelcraft, Inc. from the above two firms and delivered by Apparelcraft.
"Payment to be due and payable within 10 days after receipt of payment by the customer. Copies of all invoices are to be furnished to Baum Manufacturing Corp.
"Baum Manufacturing Corp. will devote only such time as they deem necessary to procure and service business from the above two firms."

which Missouri limitation should be applied. In its cross-appeal plaintiff argues that the ten year limitation for actions on written promises to pay, Rev. Stat.Mo. § 516.110(1) (1969), V.A.M.S., should be used. Defendant contends that the five year statute, Rev.Stat.Mo. § 516.120(1) (1969), V.A.M.S., is applicable. We agree with the district court and the defendant that the five year statute should be applied. The pleadings in the trial court and on appeal clearly indicate that plaintiff's cause of action is not one upon a written promise to pay as contemplated in the ten year statute. See Martin v. Potashnick, 358 Mo. 833, 217 S.W.2d 379 (1949).

■ Having determined that the five year limitation is controlling, a more difficult problem arises in the application of the statute. Defendant argues that the contracts in dispute were contracts in perpetuity and therefore were terminable at will, or at least after a reasonable time. Superior Concrete Accessories v. Kemper, 284 S.W.2d 482 (Mo.1955). Given this terminability, defendant contends that plaintiff's cause of action (if it had any) accrued as of the August 13, 1963 letter of termination and was barred five years thereafter. The district court agreed that the defendant was entitled to terminate the contracts at will insofar as they authorized plaintiff to solicit new customers or to service existing accounts for defendant. The court also held, however, that the defendant could not terminate at will the plaintiff's right to receive a continuing commission on the accounts it had already procured for defendant so long as the defendant enjoyed the ongoing benefit of those accounts. Based upon this reasoning the court held that defendant's August 13, 1963 letter had no effect on plaintiff's rights to future commissions on the three disputed accounts and, applying Rev.Stat.Mo. § 516.100 (1969), V.A.M.S., computed the period of limitations on each commission installment from the date the individual installment became due. The result of the district court's holding was to allow the plaintiff recovery of all commission installments that accrued after April 2, 1965.

■ We agree with the district court's application of the statute of limitations. We recognize that Missouri, like most other jurisdictions, generally refuses to enforce an obligation in perpetuity. E. g., Superior Concrete Accessories v. Kemper, supra; Paisley v. Lucas, 346 Mo. 827, 143 S.W.2d 262 (1940). Three considerations, however, persuade us that this general rule is not applicable in the case before us. First, as a practical matter, the general policy is not violated here since the parties have agreed that plaintiff will not claim any commissions beyond the date of the filing of the complaint.

■ Second, contractual relationships between businessmen are not abstract matters that are to be judged without reference to the customs and usages of the industry. Although we have found no Missouri cases dealing with textile contract brokerage agreements, other courts, when faced with such questions, have realistically measured the agreements of the parties in light of industry practices and the relative positions of the parties. In this case defendant Society Brand was heavily dependent upon government contracts and was anxiously seeking some means to enter the private od civilian market. Mr. Baum, on the other hand, was a man with several decades of experience in the clothing industry. It is clear that Baum's efforts in effecting the shift for Society Brand from the government market to the private market was a very valuable service which defendant could not afford to purchase other than on a long-term commission basis. In light of these practical considerations we do not feel that this case is an appropriate one for an automatic application of the general rule against enforcing obligations in perpetuity. Compare, e. g., Zupan v. Blumberg, 2 N.Y.2d 547, 161 N.Y.S.2d 428, 141 N. E.2d 819 (1957), with Annot., 19 A.L.R. 3d 196 (1968).

■ Third, this case falls squarely within the purview of at least two of the rules by which Missouri has qualified its general policy against any enforcement of an obligation in perpetuity. The first rule is that where a contract has been fully performed by one party it cannot be terminated by the other. Union Pac. R. R. v. Kansas City Trans. Co., 401 S.W.2d 528, 534 (Mo.App.1966). In the case before us it is undisputed that plaintiff was only obligated to procure the named account for defendant in order to receive the commissions from that account. The parties agree that plaintiff's efforts in servicing the accounts after they were procured were relatively minor; and the language of the contracts makes it clear that such efforts were not a condition precedent to plaintiff's rights to commissions. The second manner in which Missouri has qualified its policy against enforcement of obligations in perpetuity is by construing the agreement with respect to duration in light of the surrounding circumstances and by reasonable construction of the agreement as a whole. Union Pac. R. R. v. Kansas City Trans. Co., *supra*, at 534. As we have noted above, the parties have stipulated that no commissions will be claimed by plaintiff beyond April 2, 1970. This stipulation obviated the necessity of examining the contracts to see if some period of duration short of perpetuity could reasonably be inferred. We note parenthetically, however, that both the personal nature of the services involved here and the general customs of the clothing industry seem to suggest strongly one or more potential periods of duration short of perpetuity.

■■ The last two issues presented in this appeal are basically fact questions and can be dealt with summarily. First defendant argues that the statute of frauds bars recovery of the commissions because none of the writings set forth commission rates for the accounts that would be applicable *for the full term of the contracts.* We recognize that the Missouri statute of frauds provides that price is an essential element of the writing or writings that make up the contract. *E. g.,* Byers v. Zuspan, 241 Mo.App. 1103, 264 S.W.2d 944 (1954). From a review of the record, however, we are satisfied that price was expressed in the various writings comprising the contracts. We do not agree with defendant that price was left open to be negotiated on each order or reorder. Admittedly the commission rate did vary from time to time, but these variances were also in writing and mutually agreed to by all parties. While the Missouri statute of frauds may require the contract price to be in writing, the statute does not prohibit subsequent written modifications of the price by mutual consent of the parties.

■ The final issue presented in this appeal is whether or not plaintiff actually procured the Comus account and therefore is entitled to commissions on it. The district court specifically addressed this same factual question at the trial level and found that defendant's argument was built upon a scheme to deprive plaintiff of the commissions it had hitherto received on the Comus account. We have reviewed the record and are convinced that the district court's conclusion in this regard was supported by substantial evidence.

We find also that the other determinative issues in this case present basically factual matters grounded on substantial evidence which is as it should be binding on a court of review.

The judgment of the district court is affirmed.