GLENN R. LIGHTHART, Plaintiff-Appellant, *v.* GEORGE LINDSTROM *et al.,* Defendants-Appellees.

(No. 73-191;

Second District (1st Division)—January 13, 1975.

Farrell & Edgerton, of West Chicago, for appellant.

Thomas C. Kelleghan, of Wheaton, and Bauer & Hotte, of Emhurst, for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiff realtor sued the defendants for real estate commissions allegedy due as the result of his procuring, at their request, a tenant for part of an office building in which they (and their wives) held the beneficial interests under a land trust. A 5-year written lease was signed with an insurance company which, at the end of that initial period (but after both defendants had sold and assigned their interests), exercised its option to renew said lease for another 5 years. No writing whatsoever provided for any real estate commission.

The trial court entered judgment for the plaintiff for commissions ($862.10) due and unpaid on the basis of the initial 5-year term (which judgment has since been fully paid and is not involved in this appeal) but entered summary judgment for the defendants and against the plaintiff insofar as he sought another $693.12 for commissions based on the renewal, some 5-years later. This appeal followed.

The plaintiff contends (1) that the Statute of Frauds (relating to contracts not to be performed within one year of the making) does not bar the alleged oral agreement; and (2) that, since the evidence as to such agreement conflicted, summary judgment was improperly entered because a genuine issue of fact remained for the jury. We disagree and affirm.

The Elmhurst National Bank as Trustee in 1964 acquired a piece of vacant property commonly known as 350 Schmale Road, Carole Stream, Illinois, on which an office building was thereafter erected. The beneficial owners at the time were the Lindstroms and the Ericsons, each husband and wife entity holding a one-half interest. The American States Insurance Company was referred to them by the plaintiff realtor and on March 31, 1965, a written lease was executed between said trustee and said tenant, which lease ran for an initial period of 5 years, with two 5-year options for renewal. No writing whatsoever provided for any commissions, either for the initial term or any renewal.

During that initial 5-year term, both the Ericsons and the Lindstroms disposed of their beneficial interests. The Ericsons sold their one-half interest on May 27, 1967, to the 209 West Wesley Building Corporation (controlled by Jack D. Mason as attorney in fact). On August 1, 1969, the Lindstroms sold their one-half interest to the Helfricks and the Engeseths who, in turn, on September 9, 1970, sold said share to Jack

Mason. The American States Insurance Company, on September 1, 1970, exercised its option under the lease to renew its lease for another 5-year term. So far as the record here discloses, said renewal was not "procured" by the plaintiff, and it is not disputed that the defendants at that point no longer had any interest whatsoever in the lease or in the land trust.

Although some four payments on his commissions were made between 1966 and 1971, the plaintiff had never been fully paid and in May of 1972 sued Lindstrom and Ericson for $2,082.78. Ericson, in turn, filed a third-party complaint against Mason and the 209 West Wesley Building Corporation and, in October of 1972, moved for summary judgment. In November of 1972, the plaintiff amended to seek another $610.34 and, in December of 1972, moved to strike the defendants' motion for summary judgment. On March 14, 1973, the plaintiff moved for a partial summary judgment for $862.10 for unpaid commissions based on the first 5-year term and, on that same day, the court entered such a judgment for $862.10 (which has since been paid and is not here involved) and also entered summary judgment for the defendants and against the plaintiff insofar as he sought commissions based on the renewal, some 5 years later. This appeal followed.

## I

The plaintiff's first contention is, in substance, that the Illinois Statute of Frauds (relating to contracts not to be performed within 1 year of the making thereof) does not apply to bar the alleged oral agreement. That statute (Rev. Stat. 1874, ch. 59, par. 1), in pertinent parts, provides as follows:

> "[N]o action shall be brought * * * to charge any * * * person * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

In this case, the plaintiff claims an oral agreement that he was to be paid not only a commission (7—4—2—2—2) based on rentals during the first 5-year term but another 2% on the rentals during any renewal thereof, apparently regardless of whether or not he "procured" such renewal and regardless of whether or not those whom he now seeks to hold liable still had, at the time of the renewal, any interest in the lease or property.

Since, when the oral agreement allegedly was made and the 5-year lease was signed (March 31, 1965), it could not have been said that the

lease would necessarily or even probably be renewed at the end of the first 5-year term, we do not here have a situation where a commission is definitely due for services performed but with payment deferred for 5 years. On the contrary, we have here a situation where, at the time of the alleged oral contract and signing of the lease, it was not at all certain that the contingency (upon which liability for commission was to depend) would ever occur, and most certainly that could not be ascertained until the end of the first 5-year term. As a result, it is obvious and we now hold that the alleged oral agreement (for a 2% commission on any renewal after the first 5-year term) was and is within the Statute of Frauds unless otherwise circumvented. Plaintiff cites only one case (*Thermal-Tite Insulation Co. v. American Insulation Corp.* (1945), 326 Ill.App. 252, 61 N.E.2d 304) on this issue but that case is readily distinguished because there the court held that the contract "could have been performed within the year" which is simply not the case here. In no way could it have been ascertained, within the first year, that the lease would be renewed some 5 years later.

Plaintiff next contends that the Statute of Frauds does not here apply "as a result of full performance by Plaintiff," citing some five cases. Again, this does not stand up under analysis. The plaintiff did not "perform" the act (*viz.*, renewal) which made his commission due. He had nothing to do with the renewal, nor is he assisted by his argument that the defendants are somehow "estopped" because, at the time of the renewal, neither of them had any interest whatsoever in the lease or the property.

A somewhat similar case is *Zupan v. Blumberg* (1957), 2 N.Y.2d 547, 161 N.Y.S.2d 428, where an advertising solicitor sought commissions of an advertising agency on the basis of business it had done more than 1 year later with client he had referred to it within the year. In reversing a judgment for the plaintiff without remandment, the Court of Appeals said that the contract had to be in writing "since performance is dependent, not upon the will of the parties to the contract, but upon that of a third party" (2 N.Y.2d 547, 550, 161 N.Y.S.2d 428, 429), and quoted from an earlier New York case where the court had reached a similar result because " '[t]he plaintiffs' right to commissions * * * was wholly dependent upon the act of the third party, the procured customer.' " 2 N.Y.2d 547, 551, 161 N.Y.S.2d 428, 431.

Similar results on this same ground are reflected in *Nurnberg v. Dwork* (1960), 12 App. Div. 2d 612, 208 N.Y.S.2d 799, and *Washecka v. Brownyard* (Sup. Ct. 1961), 219 N.Y.S.2d 320.

■■ We therefore conclude and hold that, insofar as the plaintiff claims an oral agreement in 1965 which would entitle him to a commission on

rentals under a renewal in 1970, the alleged oral agreement was and is barred by the Statute of Frauds relating to contracts not to be performed within 1 year of the making thereof.

## II

This brings us to the plaintiff's second contention—that, since the evidence as to the oral contract he alleges conflicts, summary judgment was improperly entered because a genuine issue of fact remained for the jury.

Summary judgment is properly entered whenever:

"* * * the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. * * *" Ill. Rev. Stat. 1971, ch. 110, par. 57(3); see also *Strobeck, Reiss & Co. v. Nehf* (1973), 14 Ill.App.3d 529, 302 N.E.2d 743.

■■ The issue of fact necessary to block summary judgment must not only be genuine, it must involve a "material fact." *Illinois Power Company v. City of Jacksonville* (1960), 18 Ill.2d 618, 165 N.E.2d 300; *Stein v. Baum* (1967), 89 Ill.App.2d 142, 232 N.E.2d 96; *Menge v. Liberty National Bank* (1962), 36 Ill.App.2d 61, 183 N.E.2d 567.

Since we have already held that the contract alleged is barred by the Statute of Frauds (relating to contracts not to be performed within 1 year of the making thereof) unless in writing, and since it is conceded by the plaintiff that no such writing has ever here existed, the issue concerning it does not involve a "material fact" and the defendants are, regardless of its resolution, "entitled to a judgment or decree as a matter of law."

In *Sinclair v. Sullivan Chevrolet Co.* (1964), 31 Ill.2d 507, 202 N.E.2d 516, in affirming a summary judgment for the defendant on the ground that the agreement alleged was not one to be performed within 1 year from the making thereof and was not in writing, our supreme court, at page 511, concluded "that the present suit was barred by statute as a matter of law and that the trial court was correct in granting summary judgment for the defendant".

We likewise conclude that the oral contract claimed by the defendant was and is barred by the Statute of Frauds and that the trial court was correct in granting summary judgment for the defendants and against the plaintiff insofar as he sought commissions based on the tenant's renewal, some 5 years later.

We therefore affirm that judgment of the circuit court.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.