■ WILLIAM H. ROSS, Respondent, v MULTI-PAK CORP., Appellant.— Order, Supreme Court, New York County, entered on September 23, 1975, denying defendant's motion for summary judgment, reversed, on the law, the motion granted and the complaint dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff was originally retained by the defendant corporation as an attorney. In that capacity, he became aware of the defendant's operations. He now is seeking to collect commissions allegedly due him for the sale of defendant's products. He bases his claim on an oral agreement the substance of which was reduced by him to a writing in letter form but which letter was never executed or accepted by the defendant. The draft, however, concededly contains the nub

of the alleged agreement. It stated in pertinent part: "For any sales made directly or indirectly to or through these contacts, you have agreed to pay me 3-1/2% of the gross sales made to any such, with statements and remittances made monthly." The agreement would allow plaintiff to be compensated for making contacts with prospective purchasers, though the actual sales would be far in the future. Performance under agreements for commissions in procuring customers or orders, which is dependent upon the will of a third party and not upon the parties to the contract, and which envisions commissions due without noting a specific termination date, is by its terms incapable of completion within one year, although the liability to which defendant is subject is a contingent one. When such a contract is oral, as in the instant case, its enforcement is barred as violative of the Statute of Frauds *(Zupan v Blumberg,* 2 NY2d 547, 550; *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 178). Concur—Stevens, P. J., Birns, Lane and Yesawich, JJ.; Kupferman, J., dissents and would affirm on the opinion of Mangan, J.