20 EAST CEDAR CONDOMINIUM ASSOCIATION *et al.*, Plaintiffs-Appellees, *v.* MELVIN R. LUSTER *et al.*, Individually and d/b/a Luster, Friedman and Company, Defendants-Appellants.

First District (1st Division)   No. 61981

Opinion filed June 1, 1976.—Rehearing denied July 1, 1976.

John G. Stifler, Rodney D. Joslin, and Marsha E. Huff, all of Chicago (Jenner & Block, of counsel), for appellants.

Weinberg and Weinberg, Ltd., of Chicago (Richard S. Weinberg and Terence J. Tyksinski, of counsel), for appellees.

Sheldon A. Harris, of Chicago, for appellee White Way Electric Sign & Maintenance Co.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from a trial court order which granted plaintiffs, 20 East Cedar Condominium Association and David Holmkvist, partial summary judgment upon one of several claims in an action brought for an accounting and damages. The particular dispute involved here concerns an ornamental canopy installed at the front entrance of the 20 East Cedar building.

The canopy was leased on July 2, 1970, from the White Way Electric Sign and Maintenance Co. (hereinafter White Way) by 20 E. Cedar Properties, a partnership whose sole partners were defendants-appellants, Melvin R. Luster and Harold E. Friedman. The agreement to install the canopy required a down payment of $6,128.00, and 60 monthly payments of $261.76. It was executed as part of a building renovation program instituted by defendants for the purpose of converting the 20 East Cedar building from rental property to condominium units.

On December 28, 1971, plaintiff David Holmkvist contracted with defendants to purchase one of the condominium units. The written purchase agreement called for the sale of a designated unit and an undivided percentage of the "common elements" of the property. Specific definitions of the "common elements" and other related terms were included and attached was a rider which expressly provided that certain repair and rehabilitation work would be completed on or before delivery of deed.

On August 24, 1972, a declaration of condominium ownership was

recorded and defendants Luster and Friedman began acting as managers of the building. In April, 1973, the unit owners formed their own management association (20 East Cedar Condominium Association) and defendants were relieved of their duties. At this time plaintiff Holmkvist and the other owners discovered, among other things, that the canopy was leased. In addition, it was learned that defendants had stopped making lease payments to White Way.

On April 15, 1974, suit was filed in which plaintiffs sought a complete accounting, monetary relief for improper assessments and payment of all outstanding contractual liabilities incurred in the rehabilitation of the building. Subsequently, plaintiffs moved for partial summary judgment, supported by affidavits, to require defendants to pay the balance due White Way for the canopy. Defendants answered and filed the counteraffidavit of Melvin R. Luster. On March 12, 1975, the court heard testimony, over defendants' objection, on this summary judgment motion. On March 26, 1975, the court found that "the canopy in front of the building at 20 E. Cedar, Chicago, Illinois belongs to that building, that the defendants signed the contract under which the canopy was installed and should therefore pay for the canopy" and ordered defendants Luster and Friedman to pay $9,200.55 to defendant-appellee White Way[1] and entered judgment for that amount. Defendants appeal.

Defendants argue that the order was improper and should be reversed for the following reasons:

> (1) A genuine issue of material fact existed which should have precluded summary judgment.

> (2) The trial court improperly conducted an evidentiary hearing on contested issues of fact.

> (3) The trial court lacked the power to order defendants-appellants Luster and Friedman to pay defendant-appellee White Way.

> (4) The trial court erred in entering a partial summary judgment without first deciding the propriety of maintaining the suit as a class action.

We believe the order of the trial court was proper and must be affirmed.

## I.

■■ Defendants' first contention is that the record establishes the existence of a genuine issue of material fact which should have precluded summary judgment. It is well established that summary judgment is inappropriate where a triable fact issue exists. (*Ray v. City of Chicago*

---

[1] White Way was named as an additional party defendant in a supplemental amendment to the amended complaint in an effort to gain a court order restraining it from removing the canopy. This proved unnecessary since White Way voluntarily agreed to await the court's decision before taking action.

(1960), 19 Ill. 2d 593, 169 N.E.2d 73; *Barkhausen v. Naugher* (1946), 395 Ill. 562, 70 N.E.2d 565.) It is also clear that the issue of fact must be genuine and involve a material fact. (*Dakovitz v. Arrow Road Construction Co.*, (1975), 26 Ill. App. 3d 56, 324 N.E.2d 444; *Lighthart v. Lindstrom* (1975), 24 Ill. App. 3d 918, 322 N.E.2d 70; *Williams v. Stevens* (1948), 335 Ill. App. 123, 80 N.E.2d 451.) Defendants have set forth, essentially, two issues of fact which they argue warranted a trial. However, we fail to see in what way either of these issues was material to the disposition of the case presented to the trial court.

Defendants initially contend that they never made representations to plaintiff Holmkvist that they owned or would complete the payments on the canopy. They argue that the question of whether or not they made such representations is a genuine, material issue of fact which requires a full trial. We disagree.

Parol or extrinsic evidence is not admissible to show the intention of the parties or to show alleged prior or contemporaneous parol agreements relating to the same subject matter, or to establish a different contract from that expressed in writing, or to impose a condition not provided for in the contract itself, or to show what was said before or at the time of the contract's execution, or to explain or determine the contract's construction where the contract is susceptible of a sensible construction. 18 Ill. L. & Pr. *Evidence* §255 (1956).

Defendants made a contract with plaintiff David Holmkvist which is unambiguous in its terms. The first page of the contract in question specifies that Holmkvist purchased without encumbrance thereon his apartment as well as "1.5985% of the ownership interest in the 'common elements' of the 'property' * * *." In paragraph 4 the "common elements" are defined as " * * * all portions of the 'property' except the units." Property, in turn, is defined as " * * * all the land, property and space comprising the Parcel, all improvements and structures constructed or contained therein or thereon, including the building and all easements, rights and appurtenances belonging thereto, and all fixtures and property intended for the mutual use, benefit or enjoyment of the unit owners." Additionally, a rider is attached to this contract which, in provision R—3, provides; *inter alia,* that all the repairs and rehabilitation work set forth in an attachment to the contract titled "Schedule B" have been or shall be fully completed on or before delivery of deed. Schedule B, in turn, lists a wide assortment of improvements, ranging from boiler repairs to pigeon proofing. Under the heading "Front Entrance" there is the notation: "New canopy installed Fall, 1970." There is no indication in the purchase contract itself or in any of the riders and attachments that plaintiff Holmkvist would have to pay the cost of these improvements in addition to paying the purchase price of his condominium unit. On the contrary,

the contract clearly outlines improvements promised by the seller to purchaser as an inducement for the sale. It makes little difference what defendants Luster and Friedman did or did not tell plaintiff Holmkvist. The terms of this contract are controlling. (*Wm. O'Donell, Inc. v. Bowfund Corp.* (1969), 114 Ill. App. 2d 107, 252 N.E.2d 53.) They carefully set forth improvements which defendants contracted to make prior to selling plaintiff Holmkvist his condominium. There is no necessity to go beyond the four corners of the contract. Accordingly, we find any issue raised concerning the representations made by defendants immaterial to this claim and not a bar to summary judgment. *Cibis v. Hunt* (1964), 48 Ill. App. 2d 487, 199 N.E.2d 246.

The second factual issue which defendants contend should have precluded summary judgment is the question of whether the canopy contract is a security agreement or a lease. Again, we feel this position is without merit because the issue set forth is not material to the question of whether defendants have an obligation under their purchase agreement with plaintiff Holmkvist to pay for the installation of the canopy.

Thomas Forbes, the credit manager of White Way and duly authorized to make an affidavit on their behalf, stated that his company would transfer title to the canopy to the owners of the 20 East Cedar Building upon payment of the sum of $9,200.55. This is the amount remaining to be paid under the lease and maintenance agreement. It is also the amount which the trial court ordered defendants to pay to White Way.

Whether we view the lease and maintenance agreement as a lease or a security interest agreement, the cost to defendants Luster and Friedman remains the same. Therefore, we find that the resolution of this question is not material to the issue of the nature and extent of defendants' obligation to plaintiff under the purchase contract. Accordingly, it is not a bar to summary judgment. *Florence v. Travelers Insurance Co.* (1965), 59 Ill. App. 2d 470, 208 N.E.2d 95; *Menge v. Liberty National Bank* (1962), 36 Ill. App. 2d 61, 183 N.E.2d 567.

## II.

Since the presentation of the testimony of witnesses in lieu of supporting a motion for summary judgment with affidavits is not improper (*Patterson v. Stern* (1967), 88 Ill. App. 2d 399, 232 N.E.2d 7), we have considered the transcript of the hearing, together with the pleadings and affidavits filed, and on the entire record find that no genuine issues of material fact were raised. Accordingly, we hold that summary disposition was proper in this case. *Szczesny v. W.G.N. Continental Broadcasting Corp.* (1974), 20 Ill. App. 3d 607, 315 N.E.2d 263; *Joseph W. O'Brien Co. v. Highland Lake Construction Co.* (1972), 9 Ill. App. 3d 408, 292 N.E.2d 205.

## III.

■■ Defendants next contend that the trial court's order was improper in form because defendants were ordered to pay White Way Sign Co. instead of plaintiff David Holmkvist, the party moving for summary judgment. To support this position, defendants cite *Hartford Accident and Indemnity Co. v. Mutual Trucking Co.* (1949), 337 Ill. App. 140, 85 N.E.2d 349. However, that case is easily distinguished. There, the trial court ordered two third-party defendants to pay damages directly to plaintiff instead of to the original defendant. Plaintiff had not filed any pleadings against these third-party defendants and on review the appellate court was unable to discern any legal basis for the decision of the trial court. Further, the relief which was granted in that case shifted liability from the original defendant to entirely different parties, who were brought into the case solely by virtue of the third-party complaint filed by defendant.

In this case, plaintiffs' motion for partial summary judgment asked the court to determine as a matter of law that the balance due "be paid by the Defendants either to the Plaintiffs * * * or directly to the White Way Sign Company."

## IV.

As their final contention, defendants argue that the trial court should not have entered its order in favor of plaintiff David Holmkvist without first deciding the propriety of maintaining this suit as a class action. They argue that because plaintiff Holmkvist's ownership in the "common elements" is 1.5985% he is entitled to compensation for only that percentage of the canopy's value instead of the relief ordered by the court. It obviously would be of little comfort to Holmkvist to have his 1.5985% interest in the canopy paid for if a lien remained outstanding on the canopy for the balance of the indebtedness. Moreover, defendants concede that the first pages of the contracts of all the purchasers of condominium units were identical as to the ownership of the "common elements," varying only as to the percentage acquired. Clearly, none of the other purchasers was harmed by the enforcement of this term of the purchase agreement. Consequently, we find that it was unnecessary for the trial court to decide the propriety of a class action in this case.

The order of the trial court commanding defendants Luster and Friedman to pay to White Way the balance due on the canopy was proper. Accordingly, we affirm the order and judgment of the circuit court of Cook County.

Order and judgment affirmed.

BURKE and SIMON, JJ., concur.