Memorandum. We affirm the order of the Appellate Division, with costs.
The oral agreement in this case falls squarely within the classic rule most recently restated by this court in North *891 Shore Bottling Co. v Schmidt & Sons (22 NY2d 171), and is therefore not barred by the Statute of Frauds (General Obligations Law, § 5-701, subd 1). The contingency, that the agreement would be terminated by appellant’s sale of the buildings in which respondent was to place its coin-operated laundry machines, makes the contract capable of being performed within a year. The rule as articulated in North Shore Bottling Co. (supra, at p 177) simply stated is that "[t]he existence of one of two contingencies performable within a year is sufficient to take the case out of the statute”.
Appellants fail in their attempt to distinguish the oral agreement here from that in North Shore Bottling Co. (supra) on the ground, as they urge, that in this case the duration of the agreement was for a definite term of four years, while in North Shore Bottling Co. (supra) the agreement was for an indefinite term. We do not think this distinction is controlling. (See Blake v Voigt, 134 NY 69.)
The additional contentions advanced by appellants are of insufficient merit to warrant a different result from that reached by the court below.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
Order affirmed.