OPINION OF THE COURT
Memorandum.
The order appealed from should be reversed, defendant’s cross motion granted, summary judgment entered in favor of defendant, and the certified question answered in the negative. The issue presented on this appeal is whether the alleged oral contract is within the Statute of Frauds in that "[b]y its terms [it] is not to be performed within one year from the making thereof’ (General Obligations Law, § 5-701, subd a, par 1). We hold that it is.
*922 Plaintiff designed an advertisement for defendant, and has been paid some $42,500. In addition, plaintiff alleges an "understanding” that defendant would pay plaintiff $5,000 a year for every year in which defendant uses the advertisement. Since this alleged oral agreement is not evidenced by any writings, it is void if it comes within the Statute of Frauds.
This contract is not one which by its terms can be performed within a year. If it were, it would be without the statute even if, as a practical matter, it were well nigh impossible of performance within a year (see Freedman v Chemical Constr. Co., 43 NY2d 260). Nor is it a contract involving alternative performances, one of which is fully performable within a year (see Coinmach Inds. Corp. v Domnitch, 37 NY2d 889). Finally, this agreement is not similar to that discussed in North Shore Bottling Co. v Schmidt & Sons (22 NY2d 171), for the court found the contract involved in that case to be susceptible of termination by the defendant within a year without breach of the contract. In this case, defendant has allegedly promised plaintiff, as a part of the consideration for designing the advertisement, that defendant will pay plaintiff an additional fee for every year in which the advertisement is used. Defendant is not obliged to use the advertisement, and can incur no liability for not using it. Defendant’s failure to use the advertisement for any period of time, however long, does not, of course, terminate the contract. Clearly, defendant could not have terminated his contractual obligations by simply waiting a year before using it. Similarly, defendant could not terminate the contract by temporarily suspending use of the advertisement for a year. In fact, it would appear that there is no way in which defendant could unilaterally terminate the contract. Thus, the contract cannot by its own terms be performed within a year, and is within the Statute of Frauds.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and defendant’s cross motion for summary judgment granted in a memorandum. Question certified answered in the negative.