█ AETNA CASUALTY & SURETY COMPANY, Appellant-Respondent, v PIGOTT CONSTRUCTION INTERNATIONAL LIMITED, Respondent-Appellant, and DUANE D. VAN DEUSEN et al., Respondents.—Order unanimously affirmed, without costs, on the opinion at Special Term, Fritsch, J. (See, also, *Hartford Fire Ins. Co. v Masternak,* 55 AD2d 472.) (Appeals from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HUDSON, Also Known as DAVID ANDERSON, Appellant.—Appeal unanimously dismissed as moot. (Appeal from judgment of Erie Supreme Court—attempted criminal possession of stolen property, third degree.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.

█ FLORENCE DE FORTE, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent.—Order unanimously reversed, with costs, and motion granted. Memorandum: While driving home from a hardware store, plaintiff, Florence De Forte, was stopped as a result of radar detection. When she opened her car door to get out, her dog jumped out and bit the arresting police officer. The officer sued Mrs. De Forte in March, 1973. The papers were forwarded to respondent, Allstate Insurance Company, her homeowner's liability insurance carrier whose policy included coverage of Mrs. De Forte's automobile. Following its disclaimer, plaintiff commenced a declaratory judgment action against Allstate in July, 1975. In October, 1975 the City of Buffalo also sued Mrs. De Forte. Its claim was for the lost time and wages it had paid the police officer as a result of his injuries. When the declaratory judgment action came to trial in April, 1977 an attempt was made to introduce evidence regarding the claim of the City of Buffalo. Allstate contended that this claim was not included in plaintiff's complaint. As a result, the trial was suspended in order for plaintiff to move to serve a supplemental complaint. Plaintiff moved for this relief and it is from its denial at Special Term that plaintiff appeals. A party may move at any time to amend or supplement a pleading and "Leave shall be freely given" (CPLR 3025, subd [b]). The purpose of CPLR 3025 (subd [b]) is to ensure full litigation of a controversy and this section is to be liberally construed to permit pleadings to be amended or supplemented, absent real prejudice or surprise and upon such terms as may be just under the circumstances *(Rife v Union Coll.,* 30 AD2d 504, 505; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.11; Siegel, New York Practice, § 237). Plainly there is no surprise to respondent in the assertion of what is a derivative claim respecting damages only in a claim of which Allstate already had full notice. Under these circumstances, there is no prejudice. Upon consideration of the motion, Special Term should not examine the merits or legal sufficiency of the proposed amended or supplemental pleadings unless the proposed pleading is clearly and patently insufficient on its face *(Leutloff v Leutloff,* 47 Misc 2d 458, 459). Respondent's contention here that the pleadings were palpably insufficient in failing to allege compliance with a condition precedent to coverage under the terms of the insurance contract is without merit since "The performance or occurrence of a condition precedent in a contract need not be pleaded" (CPLR 3015, subd [a]). We conclude, therefore, that it was an abuse of Special Term's discretion to deny plaintiff's motion to supplement her complaint *(Fahey v County of Ontario,* 44 NY2d 934, 935). (Appeal from order of Erie Supreme Court—supplemental complaint.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.