■ DONALD J. FENDING et al., Respondents, v CARBORUNDUM COMPANY, Defendant and Third-Party Plaintiff. FOWLER ELECTRIC COMPANY, INC., Third-Party Defendant-Appellant. — Order unanimously affirmed, with costs. Memorandum: Plaintiff, an electrician employed by Fowler Electric Company (Fowler), was injured when he fell off a plank while working on the premises of the Carborundum Company (Carborundum). He had been assigned to work at the Carborundum plant pursuant to an agreement that Fowler had with Carborundum to provide electrical services at its plant. Thereafter, plaintiff applied for and received workers' compensation benefits. The Workers' Compensation Board determined that plaintiff was employed by Fowler, the accident was work related and plaintiff was entitled to benefits. Subsequently, plaintiff commenced an action against Carborundum and Carborundum brought a third-party action against Fowler seeking contribution and indemnification. Three years after the primary action was instituted, Fowler brought a motion to amend its answer to allege that the plaintiff was a special employee of Carborundum and that plaintiff's exclusive remedy was limited to compensation benefits. ¶ Although leave to amend pleadings should be freely granted in the absence of prejudice to the nonmovant (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935), Special Term properly denied Fowler's right to amend. A worker may be in the general employ of one party and the special employee of another, even if the general employer pays the wages, and has the power to hire and fire (*Irwin v Klein,* 271 NY 477; *Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405, 407). Here, elements of both general and special employment were present and Special Term improperly decided this issue as a matter of law. Nevertheless, reversal is not required. ¶ Once jurisdiction was accepted by the Workers' Compensation Board, it then had the authority to determine whether there was a "special employee" relationship (see *Matter of Cook v Buffalo Gen. Hosp.,* 308 NY 480; *Matter of Alli v Mandel Security Bur.,* 86 AD2d 911). Fowler had the opportunity to raise this issue before the Board and failed to do so. Therefore, Fowler is now estopped to raise the issue, since the Workers' Compensation Board's decision is final and conclusive (Workers' Compensation Law, § 23; *Cunningham v State of New York,* 60 NY2d 248, 251; *Werner v State of New York,* 53 NY2d 346). (Appeal from order of Supreme Court, Niagara County, Kane, J. — amend answer.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.