ROGER MCCOLLESTER, Respondent, v JAMES A. CHISHOLM et al., Appellants. — In an action, *inter alia,* to recover damages for breach of contract, defendants appeal from an order of the Supreme Court, Westchester County (Delaney, J.), dated July 14, 1983, which denied their motion pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss plaintiff's complaint for failure to state a cause of action and upon the ground that the plaintiff's claims were barred by the Statute of Frauds.

Order reversed, on the law, with costs, motion granted and complaint dismissed.

A service contract of indefinite duration, in which one party agrees to procure customers, or accounts, or orders on behalf of the second party, is not by its terms performable within a year — and hence must be in writing and signed by the party to be charged — since performance is dependent, not upon the will of

the parties to the contract, but on that of a third party (General Obligations Law, § 5-701, subd a, par 1; *Zupan v Blumberg,* 2 NY2d 547, 550; *Cohen v Bartgis Bros. Co.,* 264 App Div 260, affd 289 NY 846). In the case at bar, it is undisputed that there was no formal, signed contract between the parties. Since plaintiff has neither pleaded nor proved the dates upon which the alleged agreement between him and defendant Chisholm was to commence and terminate, the agreement was indefinite in duration and therefore falls squarely within the Statute of Frauds. Moreover, Special Term erred when it found that the two letters written by defendant Chisholm constituted sufficient memoranda of the alleged oral agreement of the parties. The record shows that both letters were written in the context of settlement negotiations and, even when viewed together, do not "contain expressly or by reasonable implication all of the material terms of the agreement, including the rate of compensation", and thus they fail to meet the essential elements of a memorandum sufficient to satisfy the Statute of Frauds (*Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 378-379, mot for rearg den 25 NY2d 959; *Cohon & Co. v Russell,* 23 NY2d 569, 575). Nor are defendants estopped from invoking the Statute of Frauds as a defense to plaintiff's action. The record is devoid of any evidence that defendants have, "by word or deed", caused plaintiff to rely upon the agreement to his detriment (see *Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318, 320). Rather, it appears that if, in fact, there had ever been an attempt between the parties to agree to share commissions equally, as plaintiff claims, that attempt was apparently abandoned by one of the parties at some point, in which case estoppel will not apply (see *Youz Films v Just Born, Inc.,* 69 AD2d 778). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.