■ GERALD A. STOW, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Krausman, J.), dated October 15, 1985, which granted the defendant City of New York's motion for leave to amend its answer to include a denial of ownership of the building where the accident allegedly occurred.

Order affirmed, without costs or disbursements.

On February 4, 1979, the plaintiff, a New York City firefighter, allegedly sustained personal injuries while fighting a fire at 988 Bedford Avenue, Brooklyn. At the time of the occurrence, the building was owned by the defendant Carmen Gonzalez. The city acquired title to the property on June 13, 1979.

On February 11, 1980, a hearing was held in the office of the Comptroller of the City of New York pursuant to General Municipal Law § 50-h. The following colloquy occurred:

"TO COUNSEL: Do you plan to sue anyone else in this matter?

"BY PLAINTIFF'S COUNSEL: Yes, we plan to sue maybe the owner, Miss Carmen Gonzalez * * *

"TO COUNSEL: That is the owner of the building.

"BY COUNSEL: Yes".

The plaintiff commenced this action in or about April 1980 against the city and Gonzalez alleging that both were the owners of the building and liable to the plaintiff for his

injuries. Gonzalez was never served. In June 1980 the city answered, incorrectly admitting ownership of the building.

Pretrial proceedings occurred, and a number of conferences were held with the city under the assumption that it was the owner of the building. By notice of motion dated August 23, 1985, the city moved, pursuant to CPLR 3025 (b), to amend its answer to deny ownership of the building, which motion was granted by Special Term. We affirm.

Leave to amend pleadings shall be freely given absent prejudice or surprise resulting directly from the delay (see, *Fahey v County of Ontario,* 44 NY2d 934). The plaintiff cannot claim surprise as he had actual knowledge that the city did not own the building, and he knew or had reason to believe that Gonzalez was the owner as evidenced by the statements made at the Comptroller's hearing and the express provisions in the complaint. Thus, the plaintiff has not been prejudiced by the city's delay (see, *Wyso v City of New York,* 91 AD2d 661; cf. *Griffin v Columbia Univ.,* 51 AD2d 896).

The city's failure to respond to the plaintiff's notice to admit is also not determinative, as the questions contained therein do not involve questions of fact but clearly require conclusions of law (see, Siegel, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3123:1, p 284, 1986 Pocket Part).

Accordingly, Special Term did not abuse its discretion in granting the city's motion for leave to amend its answer. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.