■ ANN FISHER, Doing Business as THE FISHER COMPANY, Respondent, v KEN CARTER INDUSTRIES, INC., et al., Appellants. —In an action, inter alia, for an accounting and recovery of commissions, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Meehan, J.), dated September 17, 1985, as granted the plaintiff's motion for leave to serve an amended verified complaint and denied that branch of their cross motion, denominated as an application for summary judgment, but which was, in fact, an application for reargument.

Ordered that the appeal from so much of the order as denied that branch of the defendants' cross motion which was for reargument is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Special Term properly granted the plaintiff leave to serve an amended verified complaint. Leave to amend shall be freely granted (CPLR 3025 [b]) absent a showing of prejudice

or surprise to the opposing party *(Fahey v County of Ontario,* 44 NY2d 934; *Stow v City of New York,* 122 AD2d 45; *Matter of Department of Social Servs. v Jay W.,* 105 AD2d 19; *Fending v Carborundum Co.,* 101 AD2d 1010). Further, upon consideration of the motion for leave to amend, Special Term should not examine the merits or legal sufficiency of the proposed added cause of action unless it is "clearly and patently insufficient on its face" *(De Forte v Allstate Ins. Co.,* 66 AD2d 1028; *see also, General Motors Acceptance Corp. v Shickler,* 96 AD2d 926), or, at the very least, unless "a substantial question is raised as to the sufficiency or meritoriousness of [the] proposed pleading" *(Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY2d 332).

In this case, the defendants' contention that the action is barred by the Statute of Frauds does not raise such a substantial question as to the sufficiency of the proposed added cause of action to recover damages for breach of contract. An employment contract with no fixed term, whether terminable at will or only for just cause, is not one which "by its terms" could not be performed within one year and, accordingly, it is not barred by the Statute of Frauds *(Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171).

Additionally, that branch of the defendants' cross motion which was for summary judgment was properly characterized by Special Term as an application for reargument. Since no appeal lies from an order denying reargument, the defendants' appeal as to that portion of the order must be dismissed *(American Std. v New York City Tr. Auth.,* 123 AD2d 339; *Alessi v County of Nassau,* 100 AD2d 561). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.