■ CAROL L. HOPPER et al., Individually and as Administrators of the Estate of CAROLYN L. LAHEY, Deceased, Respondents, v CLAYTON HISE et al., Defendants, and SLOPER-WILLEN COMMUNITY AMBULANCE SERVICE, INC., Appellant. (Action No. 1.) CAROL L. HOPPER et al., Individually and as Administrators of the Estate of CAROLYN L. LAHEY, Deceased, Respondents, v CLAYTON HISE et al., Defendants, and SLOPER-WILLEN COMMUNITY AMBULANCE SERVICE, INC., Appellant. (Action No. 2.) (And a Third-Party Title.)—In an action, *inter alia,* to recover damages for wrongful death based on dental malpractice, medical malpractice and negligence, the defendant Sloper-Willen Community Ambulance Service, Inc. appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated April 9, 1986, as denied its motion for leave to amend its answer, and (2) from an order of the same court, dated August 14, 1986, which denied its renewed motion for the same relief.

Ordered that the order dated August 14, 1986 is reversed, on the law, the motion for renewal is granted, and upon renewal, the order dated April 9, 1986 is vacated, the appellant's motion to amend its answer is granted, and the proposed amended answer is deemed served; and it is further,

Ordered that the appeal from the order dated April 9, 1986 is dismissed as academic in light of the determination on the appeal from the order dated August 14, 1986; and it is further,

Ordered that the appellant is awarded one bill of costs.

The defendant Sloper-Willen Community Ambulance Service, Inc. (hereinafter the ambulance service), moved to amend its answer to assert two affirmative defenses based upon Public Health Law § 3013, which, *inter alia,* exempts voluntary ambulance services, emergency medical technicians and advanced emergency medical technicians from liability for ordinary negligence. This motion was made during the early discovery stage of this action. The plaintiffs do not claim that they were in any way prejudiced or surprised by the amendment and argue only that the amendment lacks merit. The court denied the motion on the ground that the proposed amendment lacked merit, and subsequently denied the motion of the ambulance service to renew.

A motion to amend a pleading shall be freely given absent a showing of prejudice or surprise to the opposing party *(see,* CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934; *Stow v City of New York,* 122 AD2d 45; *Matter of Department of Social Servs. v Jay W.,* 105 AD2d 19; *Fending v Carborundum Co.,* 101 AD2d 1010). Further, upon consideration of the motion for leave to amend, the court should not examine the merits or legal sufficiency of the proposed amendment unless it is " 'clearly and patently insufficient on its face' " *(Fisher v Carter Indus.,* 127 AD2d 817, 818, quoting from *De Forte v Allstate Ins. Co.,* 66 AD2d 1028), or, at the very least, unless "a substantial question is raised as to the sufficiency or meritoriousness of [the] proposed pleading" *(Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY3d 332).

In our view, notwithstanding the fact that the ambulance service billed the plaintiffs for its services, the proposed affirmative defenses are not clearly and patently insufficient on their face *(see,* Public Health Law § 3013 [1]; § 3001 [3]). Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.