■ Covert Avenue Apartments, Inc., Respondent, v Town of Babylon et al., Appellants.—In an action, *inter alia,* to recover damages for unjust enrichment and fraud, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), entered June 6, 1986, which denied the defendant Town of Babylon's motion to dismiss the complaint as against it for failure to state a cause of action, denied the defendant Southwest Sewer District's motion for an order of preclusion, or, in the alternative, to direct the service of a further bill of particulars with respect to certain items contained in the plaintiff's bill of particulars, and granted the plaintiff's cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with one bill of costs.

It was not error to grant the plaintiff's cross motion for leave to serve an amended complaint. The purpose of the requirement of a notice of claim is to afford a public corporation an adequate opportunity to investigate the occurrence and explore the merits of the claim while the information is still readily available *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Caselli v City of New York,* 105 AD2d 251, 252). The notice of claim that was initially served upon the defendants in this case sufficiently apprised them of the facts and circumstances, and that the plaintiff was basing its claim upon alleged misrepresentations by the defendants. The proposed amended complaint contains the identical factual allegations

as the original complaint, but seeks to assert claims founded on fraudulent misrepresentation, undue influence and breach of a special duty, in lieu of the causes of action originally pleaded. A party may amend or supplement his pleading at any time by leave of the court (see, CPLR 3025 [b]). Since there has been no showing of surprise or prejudice to the defendants, the cross motion for leave to serve the amended complaint was properly granted (see, Fahey v County of Ontario, 44 NY2d 934; Fisher v Carter Indus., 127 AD2d 817). Further, the court did not err in denying the defendant Southwest Sewer District's motion for an order of preclusion without prejudice to service by it of a new demand for a bill of particulars which would be reflective of the plaintiff's amended complaint.

As to the defendant Town of Babylon's motion to dismiss the complaint as against it for failure to state a cause of action (see, CPLR 3211 [a] [7]), we hold that the issue is moot since the plaintiff has been granted leave to serve an amended complaint. Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.