■ MICHELE GOLDBERG, as Executrix of ESTHER GLENN, De-

ceased, Appellant, v LINDEN TOWERS COOPERATIVE No. 5, INC., Respondent, et al., Defendant.—In an action, *inter alia,* to recover sums due from the sale of shares in a cooperative apartment, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Posner, J.), dated August 21, 1987, which granted the motion of the defendant Linden Towers Cooperative No. 5, Inc. for summary judgment dismissing the complaint as against it and denied her cross motion to amend the complaint, and (2) an order of the same court, dated January 12, 1988, which denied her motion to renew.

Ordered that the orders are affirmed, with one bill of costs.

While CPLR 3025 (b) provides that "[a] party may amend his pleading * * * at any time by leave of court" and that "[l]eave shall be freely given upon such terms as may be just", we cannot say that the court improvidently exercised its discretion in denying the plaintiff's motion to amend the complaint. The proposed amendment to the complaint is patently insufficient on its face *(Fisher v Carter Indus.,* 127 AD2d 817).

As to the motion of the defendant Linden Towers Cooperative No. 5, Inc. (hereinafter Linden) for summary judgment, the existing complaint contains the allegation that Linden sold the plaintiff's shares of stock at a price below their fair market value. The plaintiff has offered no appraisals of the shares or any other evidence as to the value of the apartment in question. In fact, the plaintiff's allegation that the shares were sold at a price below the market value is unsupported by anything other than her own "information and belief". A party opposing a motion for summary judgment must " 'show facts sufficient to require a trial of any issue of fact' * * * and [such a] showing must be made by producing evidentiary proof in admissible form" *(Mascoli v Mascoli,* 129 AD2d 778, 779). The plaintiff has failed to do so and therefore summary judgment was properly awarded to Linden. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.