■ PATRICIA J. MASTEN, Appellant, v C.D.I. TRAVEL, INC., Respondent. (And a Third-Party Action.)—Order, Supreme Court, New York County (David B. Saxe, J.), entered October 31, 1990, which, to the extent appealed from, denied plaintiff's cross-motion for leave to serve a supplemental complaint, unanimously affirmed, with costs.

By letter dated May 3, 1988, defendant's president memorialized the parties' understanding concerning plaintiff's compensation as travel consultant for the period May 20, 1988 to May 19, 1989. Thereunder, plaintiff was entitled to $30,000 base salary, 10% override commission on defendant's gross profits on plaintiff's accounts, and 20% override commission on defendant's gross profits on the 1988 New Jersey State PBA Convention. Plaintiff's November 1988 complaint alleges that she was terminated on August 24, 1988 in breach of this contract, and asserts three causes of action for breach of contract, one for each of the stipulated compensation elements. Almost two years later, plaintiff cross-moved for leave

to supplement the complaint so as to add claims for a 20% override commission on defendant's gross profits on the 1989 and 1990 New Jersey State PBA Conventions on the theory that but for her termination, plaintiff would have continued in defendant's employ, and but for defendant's intentional and malicious undermining of her relationship with the New Jersey State PBA, plaintiff would have retained that organization as a client, arranged the two subsequent conventions and thereby been entitled to 20% override commissions.

The cross-motion was properly denied on the grounds that the proposed causes of action are patently without merit and the allegations contended therein purely speculative. *(East Asiatic Co. v Corash,* 34 AD2d 432; *De Forte v Allstate Ins. Co.,* 66 AD2d 1028.) Plaintiff clearly has no contractual right to commissions on post-1988 New Jersey State PBA Conventions. Nor can such potential commissions from subsequent conventions properly be within the measure of contract damages for breach of the May 3, 1988 letter agreement, such damages being inherently speculative as evidenced by the face of the proposed supplemental pleading indicating that the claim was dependent upon the occurrence of four contingencies, none of which are subject to the possibility of proof with any degree of certainty. To the extent that plaintiff attempts to allege a tort claim, the effort fails, since New York does not recognize the tort of wrongful discharge in these circumstances *(Murphy v American Home Prods. Corp.,* 58 NY2d 293). Plaintiff also fails to specify any defamatory words (CPLR 3016 [a]), and, in any event, a defamation claim would be barred by the one year Statute of Limitations (CPLR 215 [3]). Nor do the allegations state a cause of action for interference with prospective contractual relations, where, upon plaintiff's termination, the parties were free to compete with each other for the PBA account, and the complaint fails to allege any wrongful means with the requisite degree of specificity (CPLR 3016 [b]) that defendant utilized, in that competition *(Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 190-191). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.