■ GENE McCOY et al., Appellants, v EDISON PRICE, INC., Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 10, 1991, which granted defendant's motion pursuant to CPLR 3211 (a) (5), (7) and (c) to dismiss the plaintiffs' complaint, unanimously affirmed, without costs.

The IAS Court properly determined that the alleged oral agreement upon which the three causes of action of plaintiffs' complaint were premised was unenforceable and barred by

the New York Statute of Frauds, General Obligations Law § 5-701 (a) (1). The agreement, by its terms, was to last for as long as the defendant remained in business, and thus was incapable of performance within one year, rendering it voidable absent a writing signed by the party to be charged or his duly authorized agent *(Polykoff Adv. v Houbigant, Inc.,* 43 NY2d 921, 922; *Zupan v Blumberg,* 2 NY2d 547, 552).

Plaintiffs' assertion that the agreement could be performed within one year if the plaintiffs failed to meet their annual sales quota or the defendant closed its business does not remove the agreement from the purview of the statute. Where the alleged oral agreement only may be terminated within one year upon a breach thereof or non-performance, it is not exempt from the Statute of Frauds *(D & N Boening v Kirsch Beverages,* 63 NY2d 449, 456; *McCollester v Chisholm,* 104 AD2d 361, *affd* 65 NY2d 891).

Finally, the IAS Court properly dismissed plaintiffs' third cause of action for failure to state a cause of action since plaintiffs failed to allege any facts demonstrating that the termination of the parties' business relationship was due to either age or sexual discrimination. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.