■ MORDECAI BERKUN, Appellant-Respondent, v VALIDATION REVIEW ASSOCIATES, INC., et al., Respondents-Appellants. [693 NYS2d 56] —In an action, *inter alia,* to recover damages for conversion and wasting of corporate assets while acting in the capacity of an officer and director, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 18, 1998, as denied his motion for summary judgment declaring that an alleged agreement between the parties to increase the salary of the defendant David Schimel is barred by the Statute of Frauds and to preliminarily enjoin the distribution of the assets of the defendant Validation Review Associates, Inc., to the defendant David Schimel, and (2) the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion to preclude the plaintiff from filing for or obtaining a trial preference under CPLR 3403 (a) (4).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The court properly denied that branch of the plaintiff's motion which was for summary judgment, inasmuch as the plaintiff did not make a prima facie showing sufficient to warrant judgment in his favor as a matter of law (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320). There are issues of fact, including whether the alleged agreement was capable of being performed within one year (*cf., Polykoff Adv. v Houbigant, Inc.,* 43 NY2d 921, 922). Furthermore, the court correctly denied that branch of the plaintiff's motion which was for a preliminary injunction. The plaintiff did not demonstrate (1) the likelihood of success on the merits, (2) irreparable injury if the injunction is not issued, and (3) a balance of equities in his favor (*see, Price Paper & Twine Co. v Miller,* 182 AD2d 748, 749).

The defendants' cross motion to preclude the plaintiff from filing for or obtaining a trial preference was premature. According to CPLR 3403 (a) (4) "[c]ivil cases shall be tried in the

order in which notes of issue have been filed, but the following shall be entitled to a preference * * * in any action upon the application of a party who has reached the age of seventy years". At the time of the cross motion, the plaintiff had not yet served and filed a note of issue, or a motion for a preference.

The plaintiff's remaining contentions lack merit. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.