■ PUSHPA SABHARWAL, Appellant, v EMINAX, LLC et al., Respondents. [761 NYS2d 616] —Order, Supreme Court, New York County (Shirley Kornreich, J.), entered April 15, 2002, which denied plaintiff's motion for a default judgment as against defendants Eminax, LLC and Emiko Kothari, and order and judgment (one paper), same court and Justice, entered April 16, 2002, which granted defendants' motion to dismiss plaintiff's action pursuant to CPLR 3211 (a) (7), unanimously affirmed, with one bill of costs.

Plaintiff's contention that defendants Eminax and Emiko Kothari were not parties to the defense motion to dismiss the complaint and thus defaulted in meeting their obligation to file a *responsive* pleading was properly rejected by the motion court since it is clear, despite an evident typographical error in defendants' notice of motion, that the motion to dismiss was

brought on behalf of all three defendants (*see Snediker v Rockefeller Ctr.*, 182 AD2d 585, 586 [1992]).

The motion to dismiss was properly granted since the oral agreement relied upon by plaintiff, as alleged, called for performance of indefinite duration and was terminable within a year of its inception only by its breach and was thus barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; *D & N Boening v Kirsch Beverages*, 63 NY2d 449 [1984]; *McCoy v Edison Price, Inc.*, 186 AD2d 442 [1992]).

We decline to reach plaintiff's contentions that she is entitled to recover as a third-party beneficiary of a written operating agreement or in quantum meruit or as a de facto partner, since these arguments are improperly raised for the first time on appeal (*see International Bus. Machs. Corp. v Stevens & Co.*, 300 AD2d 222 [2002]). Were we to address these contentions, however, we would find them to be plainly without merit. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Williams, JJ.