Birnbaum v Goldenberg Consulting Group, Inc. (2022 NY Slip Op 00042)





Birnbaum v Goldenberg Consulting Group, Inc.


2022 NY Slip Op 00042


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 27908/17 Appeal No. 14996-14996A Case No. 2021-02416 2021-02418 

[*1]Murray Birnbaum, as Assignee, Plaintiff-Appellant,
v
Goldenberg Consulting Group, Inc., Defendant-Respondent.


William A. Thomas, New York, for appellant.
Adelman Matz P.C., New York (David Marcus of counsel), for respondent.



Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered on or about April 14, 2021, which denied plaintiff's motion for summary judgment, unanimously modified, on the law, upon a search of the record, to grant defendant summary judgment dismissing the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Order, same court and Justice, entered on or about June 28, 2021, which denied plaintiff's motion for leave to file an amended complaint, unanimously affirmed, without costs.
The alleged oral agreement upon which plaintiff sues is within the statute of frauds, since plaintiff contends that when he refers a job candidate to defendant, he is entitled to 50% of the fee defendants receive for placing the candidate, even when the candidate is placed more than a year after plaintiff's referral (General Obligations Law § 5-701[a][1]; see Zupan v Blumberg, 2 NY2d 547, 550, 552 [1957]; Cohen v Bartgis Bros. Co., 264 App Div 260, 260-261 [1st Dept 1942], affd 289 NY 846 [1943]). As a result, because plaintiff has fully executed the contract while defendant's obligation continues past a one-year period, the contract is not, by its terms, susceptible of performance within one year, and therefore must be in writing to be enforceable (General Obligations Law § 5-701[a][1]; see Nat Nal Serv. Stas. v Wolf, 304 NY 332, 337, 339 [1952]). Although oral agreements that violate the statute of frauds are enforceable where the party to be charged admits having entered into the contract, defendant never admitted that it agreed to pay plaintiff a fee on placements occurring more than a year after a referral (see Matisoff v Dobi, 90 NY2d 127, 134 [1997]).
The parties' emails do not satisfy the statute of frauds, as they do not state or imply that plaintiff is entitled to 50% of defendant's fee even when defendant places candidates more than a year after plaintiff referred them (see Horowitz v Santamaria, 287 AD2d 373, 373-374 [1st Dept 2001]). Accordingly, the emails do not contain, either expressly or by reasonable implication, all the material terms of the purported agreement, as would be necessary to satisfy the statute of frauds (see Stefatos v Fred-Doug Mgr., LLC, 116 AD3d 419 [1st Dept 2014], lv denied 24 NY3d 908 [2014]; McCollester v Chisholm, 104 AD2d 361, 362 [2d Dept 1984], affd 65 NY2d 891 [1985]).
The doctrine of part performance, even assuming it applies to General Obligations Law § 5-701 (see e.g. Horowitz, 287 AD2d at 374), also does not serve to satisfy the statute of frauds. Plaintiff's referrals of candidates to defendant are not unequivocally referable to an agreement that he would be paid half of defendant's fee even if the placement occurred more than a year later (see id.; Naldi v Grunberg, 80 AD3d 1, n 17 [1st Dept 2010], lv denied 16 NY3d 711 [2011]). On the contrary, plaintiff's actions are equally consistent with the agreement as alleged by defendant — that is, that defendant would [*2]split its fee with plaintiff if the candidate was placed during the trial period of plaintiff and defendant's business relationship (see Cunnison v Richardson Greenshields Sec., 107 AD2d 50, 54 [1st Dept 1985]).
Supreme Court providently exercised its discretion in denying the motion for leave to file an amended complaint, as the claims in plaintiff's proposed amended complaint are palpably insufficient (Miller v Cohen, 93 AD3d 424, 425 [1st Dept 2012]).
In light of our determination, we need not consider the parties' remaining contentions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022