RCM Tech. Inc. v Maric Mech., Inc. (2023 NY Slip Op 03210)

RCM Tech. Inc. v Maric Mech., Inc.

2023 NY Slip Op 03210

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 655299/21 Appeal No. 456 Case No. 2022-03397 

[*1]RCM Technologies Inc., Plaintiff-Appellant,
v
Maric Mechanical, Inc., et al., Defendants-Respondents, Safeco Insurance Company of America, Defendant.

Sills Cummis & Gross P.C., New York (Keith R. Hemming of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale (E. Christopher Murray of counsel), for Maric Mechanical, Inc., respondent.
Flesichner Potash, LLP, New York (Alexandra E. Rigney of counsel), for Allied World Assurance Company (U.S.) Inc., respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered July 11, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Maric Mechanical, Inc.'s motion to dismiss the complaint in its entirety, unanimously modified, on the law, the motion denied as to defendant Allied World Assurance Company (U.S.) Inc., the claims as asserted against Allied reinstated, and otherwise affirmed, without costs.
Plaintiff RCM Technologies, Inc. (RCMT) commenced this action against Maric Mechanical Inc. (Maric) and its insurer, Allied World Assurance Company (U.S.) Inc. (Allied), to recover defense costs that it incurred in connection with an underlying arbitration between RCMT and nonparty New York Power Authority (NYPA), which arose from allegedly defective construction work performed by Maric as RCMT's subcontractor. RCMT relies on the indemnification provisions in its subcontract with Maric, and the joint defense agreement (the JDA) executed by RCMT and Maric for purposes of the arbitration.
The court correctly dismissed the complaint as against Maric because RCMT is not entitled to indemnification against Maric pursuant to the parties' agreements. As an initial matter, we agree with the court that the JDA modified Maric's indemnification obligations under section 20.1.4 of the supplementary conditions portion of the subcontract. Under Section 5 of the JDA, RCMT and Maric were each "solely and exclusively responsible for [their] own defense to NYPA's Counterclaims" and "Maric shall retain responsibility for all defense and indemnity obligations to RCMT under the Subcontract in the event the Arbitrator apportions liability to Maric based upon defective mechanical construction work." As the arbitrator found that neither RCMT nor Maric were liable for the claimed defective work, Maric's indemnification obligation under the JDA was not triggered. RCMT's reliance on the broader indemnity language in the "whereas" clause of the JDA is unavailing, as that clause did not "create any right beyond those arising from the operative terms of the document" (Grand Manor Health Related Facility, Inc. v Hamilton Equities Inc., 65 AD3d 445, 447 [1st Dept 2009]). RCMT's arguments premised on paragraph 4 of the JDA is improperly raised for the first time in its reply brief (see Matter of Erdey v City of New York, 129 AD3d 546, 546-547 [1st Dept 2015]).
The court, however, should not have dismissed the complaint as against Allied. As Allied concedes it did not file a motion to dismiss. Moreover, neither Maric's motion nor Allied's affirmation submitted in support of Maric's motion clearly sought dismissal of the indemnification claim as asserted against Allied. Although Maric moved to dismiss the complaint "in its entirety," its motion was not made on behalf of all defendants, and Allied did not join in the motion (cf. Sabharwal v Eminax, LLC, 305 AD2d 336, 336-337 [1st Dept 2003]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023